### Bob Taylor v. The State.

#### No. 3693. Decided June 24, 1908.

**Local Option—Loan—Evidence—Impeachment.**

Where upon a trial for a violation of the local option law, the evidence showed a so-called loan of intoxicating liquors; which the defendant denied and also testified that he did not know until a few days prior to the trial that he was charged with selling whisky, there was no objection in showing by defendant's bail bond, the capias of arrest, etc., that the defendant knew that he was charged with selling intoxicating liquor.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for violating the local option law.

Kyle testified that on or about the 15th day of January, 1907, he went into Beckham's club room and ordered some whisky. The order was in writing, and he gave Beckham $1.25 with which to pay for the whisky. This money was handed Beckham when the order was written. He asked Beckham if he could get the whisky then. Beckham answered in the negative. About that time appellant came in, and Beckham said, "Maybe Uncle Bobbie can let you have it." Kyle hailed Uncle Bobbie and asked him if he could let him have a quart of whisky; that he had ordered some, and he asked if the witness had ordered whisky, and Beckham told him that he had, and appellant then told Beckham to let Kyle have a bottle of whisky. Beckham handed him a quart and witness told Beckham that when his whisky came to give it to the defendant. He said he would. The witness said he had known defendant three or four months. That when he asked him for the loan of the whisky he went to him and whispered in his ear; that he was about ten or twelve feet from Beckham; that he did not want anybody else to hear the reason he whispered to appellant. That appellant did not tell him to whisper. He said he was not mistaken about appellant telling Beckham to give him a quart of his whisky. The witness admitted that he had told appellant that he could be mistaken about the transaction, but he now swears that it was not true, because appellant had no right to ask him about it. He denied getting mad with appellant because appellant would not let him gamble on his ten-pin alley. Appellant testified in his own behalf that he never let Kyle have any whisky at the time testified about, and had no recollection of ever letting him have any whisky. He stated Kyle got mad with him because he had charged him ten cents more than he owed for rolling on ten-pin alley, and that he, Kyle, admitted to him that he might have been mistaken about this transaction, and he would go to the county attorney and see if he would not turn appellant loose. On cross-examination he stated that he knew nothing about the method of doing business being a scheme to violate the local option law; that if there were any rules and regulations in the club house he did not know them, and knew nothing of any entries being made on the orders showing who loaned the intoxicating liquors; that he knew this transaction did not occur.

Upon the trial of the case appellant testified he did not know until a few days prior to the trial that he was charged with selling whisky to the witness Kyle. On cross-examination, over defendant's objection, he was asked if he did not sign the bail bond shown to him, to which defendant replied that he did. Then, over appellant's objection, the bond was introduced in evidence, and defendant was asked, over his objection, when he employed his lawyers to defend him. Defendant answered about four or five days ago. To this defendant objected as to signing bond and employing counsel, for the reason

that it was immaterial, irrelevant, and tended to prove no issue, and was prejudicial to appellant. The State offered this testimony for the purpose of contradicting the defendant's evidence as to not knowing that he was charged with selling intoxicating liquor to the witness Kyle; and another bill, in this same connection shows, while he was testifying in his own behalf, stated that he did not know until a few days prior to this trial that he was charged with selling intoxicating liquors to Kyle. The State introduced the capias for appellant's arrest. Same objection was made to the introduction of this as to the bail bond, and the bill states it was introduced for the purpose of contradicting the defendant's evidence as to not knowing that he was charged with selling intoxicating liquors to the witness Kyle. We are of opinion these matters are admissible.

The judgment is affirmed.

*Affirmed.*

[Motion for rehearing denied October 28, 1908.—Reporter.]